# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**JUAN ORIBIO,**

    **Plaintiff,**

  v.                                                                                    **Case No. 14-CV-442**

**HGT INTERNATIONAL CO. LTD.,**

    **Defendant.**

## ORDER

On September 2, 2015, I entered a decision and order granting HGT International Co. Ltd.'s motion to dismiss for lack of subject matter jurisdiction. (Docket # 43.) Judgment was entered the same day. (Docket # 44.) Presently before me is a motion to allow plaintiff's attorney to withdraw and to enlarge the amount of time that the plaintiff, Juan Oribio ("Oribio"), has to file a notice of appeal. (Docket # 45.)

In his affidavit, Oribio's attorney avers that he and Oribio have significant differences of opinion as to what the future direction of the case should be. (Aff. of Attorney Andrew Fink, Docket # 45-1 at ¶ 4.) He further avers that because of these differences, further representation would not be reasonably possible. (*Id.*) Under the circumstances, Attorney Andrew Fink and the Solis Law Firm are granted leave to withdraw as counsel in this case.

I now turn to the motion to enlarge the amount of time that Oribio has to file a notice of appeal. In a civil lawsuit, a notice of appeal must filed within thirty days of the entry of judgment. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). However, "[u]nder Federal Rule of Appellate Procedure 4(a)(5), the district court may extend the time to file a notice of appeal if

the party seeks leave no later than thirty days after the original deadline for the filing of notice appeal . . . ." *Sherman v. Quinn*, 668 F.3d 421, 424-25 (7th Cir. 2012). In addition, the party moving for an enlargement of time must show "excusable neglect or good cause." *Id.* The standards of excusable neglect and good cause are not interchangeable; excusable neglect applies in situations in which there is fault to assigned to the delay in filing the notice. *Id.* at 425. Here, however, there is no fault to be assigned, and the good cause standard applies. The Seventh Circuit has suggested that the good cause standard is more lenient than the excusable neglect standard. *Broyles v. Roekman*, No. 12 C 7702, 2013 WL 2467710, *2 (N.D. Ill. June 7, 2013) (citing *Sherman*, 668 F.3d at 425). Given that Oribio's attorney has been granted leave to withdraw approximately two weeks before a notice of appeal would need to be filed and the time it may take if Oribio seeks counsel or wishes to pursue his appeal *pro se*, I am satisfied that there is good cause to extend the deadline. Oribio has an additional 30 days following the expiration of the current deadline in which to file a notice of appeal if he wishes to do so. *See* Fed. R. App. P. 4(a)(5)(C) ("No extension under this Rule . . . may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.")

**IT IS SO ORDERED**.

Dated at Milwaukee, Wisconsin this 17th day of September, 2015.

BY THE COURT

  s/ *Nancy Joseph*
 NANCY JOSEPH
 United States Magistrate Judge